UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARON PRESLEY;  )
    Plaintiff,  )
  )
vs.  )  Case No.
  )
PRIME CREDIT SOLUTIONS, LLC; and DOES  )
1 to 10, inclusive;  )
    Defendant,  )

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Sharon Presley ("Plaintiff"), by and through the undersigned attorney for Plaintiff's Complaint against Defendant, Prime Credit Solutions, LLC, ("Defendant"), alleges and affirmatively states as follows:

#### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Sharon Presley, an individual consumer, against defendant Prime Credit Solutions, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

#### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

#### III. PARTIES

3. Plaintiff, Sharon Presley is a consumer, a natural person allegedly obligated to pay any debt, residing in Alachua County, in the state of Florida.

4. Defendant, Prime Credit Solutions, LLC is a corporation engaged in the business of collecting debt in this state with its principal place of business located in Saint Louis County at 21 S. Rossler Ave, Buffalo, New York, 14206. The principal purpose of

Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### *IV. FACTUAL ALLEGATIONS*

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment; namely an alleged apartment rental debt.

8. Upon information and belief, Defendant began contacting Plaintiff, and placing collection calls to her in an attempt to collect on an alleged debt in January of 2011; Plaintiff had spoken to an agent of Defendant who identified himself as 'Alan Balcolm'.

9. Upon information and belief, Defendant misled Plaintiff, through false or at the very least misrepresentative statements, stating to Plaintiff that it is trying to serve her papers, and threatening on September 12, 2011 that if it did not get a payment from Plaintiff that it would send her information out to 'county' to have Plaintiff served.

10. Upon information and belief, Plaintiff then told Defendant to send said information to county, but she has yet to be sued by Defendant; as Defendant does not have the requisite legal standing to sue Plaintiff, and at the very least never intended to actually sue Plaintiff.

11. Upon information and belief, Defendant has made false, or at the very least misrepresentative statements in connection with an attempt to collect on the alleged debt, stating to Plaintiff's husband's ex-girlfriend that Plaintiff gave her as a reference in regards to the alleged debt when Plaintiff was applying to get a car, when that is not true; alerting said unrelated third party to Plaintiff's alleged debt without Plaintiff's consent.

12. Upon information and belief, Defendant continued to call Plaintiff at her work place, which has the telephone number of (352) 265-5406, after Plaintiff had already told Defendant in May of 2011 that this was unacceptable.

13. Upon information and belief, Defendant has called and then hung up the phone on Plaintiff, knowing that this would annoy Plaintiff and be harassing to her.

14. Upon information and belief, Defendant has lied to or at the very least misled Plaintiff through false or at the very least misrepresentative statements, threatening to serve Plaintiff with legal papers while she is at her place of employment.

15. Upon information and belief, Defendants, during a communication to Plaintiff, did not state that Defendants were debt collectors, attempting to communicate a debt, and that any information would be used for that purpose.

16. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to or at the very least misleading Plaintiff; by calling third parties who were unrelated to the alleged debt and alerting them to it without Plaintiff's consent, and by continuing to call Plaintiff at her workplace knowing that Plaintiff already told it that this was unacceptable and inconvenient.

17. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, angered, and embarrassed.

### *V. CLAIM FOR RELIEF*

18. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

> (a) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and
>
> (b) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and
>
> (c) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and
>
> (d) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and
>
> (e) Defendant violated *§1692c(b)* of the FDCPA by contacting third

parties in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

(f) Defendant violated *§1692a(3)* by calling Plaintiff's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Sharon Presley for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant Prime Credit Solutions, LLC for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.
B. Actual damages.
C. Statutory damages pursuant to 15 U.S.C. § 1692k.
D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.
E. For such other and further relief as the Court may deem just and proper.

## *DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Sharon Presley demands trial by jury in this action.

RESPECTFULLY SUBMITTED,

/s/ Steven A. Alpert
Steven A. Alpert
Price Law Group, APC
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Phone: (818) 205-2444
Fax: (818) 380-7644
Attorney for Plaintiff
FBN: 0691321