IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARON PRESLEY,

      Plaintiff,

vs.                                                   Case No: 1:12-cv-43-MP-GRJ

PRIME CREDIT SOLUTIONS,
LLC., et al.,

      Defendants.

_____/


## **ORDER**

      This case is before the Court on Plaintiff's Request for Entry of Default. (Doc. 10.)  Plaintiff requests the entry of a default against Defendant Prime Credit Solutions, LLC ("Prime Credit") based on Prime Credit's failure to respond to the Complaint by an attorney. The docket reflects that Prime Credit was served on March 1, 2012 by serving a copy of the summons and complaint on the manager of Prime Credit at 21 S. Rossier Ave., Buffalo, N.Y. On March 16, 2012 a *Pro Se* Answer was filed. Doc. 4. Although the answer was not signed by anyone, it was evident the Answer was on behalf of Prime Credit because it was the only entity served with the summons and complaint. Because Prime Credit is a limited liability company it cannot represent itself and can only appear through an attorney admitted to practice before this Court. The Court issued an order directing Prime Credit to file an answer through counsel by November 25, 2013, failing which the *Pro Se* Answer would be stricken. Prime Credit failed to do so and accordingly on December 6, 2013 the Court entered an order striking the *Pro Se* Answer. Doc. 9.)

Pursuant to Fed. R. Civ. P. 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Before a Clerk's default can be issued against the defaulting party, however, the serving party must establish the defaulting party was properly served.  *Miller v. Prime Management Recovery LLC*, No. 2:11–cv–308–FtM–29SPC,  2011 WL 4501379, at *1 (M.D. Fla. Sept. 28, 2011).

Pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure, a business entity, like Prime Credit, may be served by delivering a copy of the summons and complaint to an officer or a managing agent.  Plaintiff served Prime Credit by serving its manager at its office and therefore service of process appears to be proper. Accordingly, Plaintiff's request for entry of a clerk's default is due to be granted.

Upon due consideration, it is **ORDERED** that:

1.     Plaintiff's Request For Entry of Default, Doc. 10, is **GRANTED**.

2.     The Clerk is directed to enter a default against Defendant Prime Credit **Solutions, LLC**.

**DONE AND ORDERED** this 9th day of December 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge