UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK
401 S.E. 1ST AVENUE, SUITE 243
GAINESVILLE, FL 32601-6805

OFFICIAL BUSINESS

FORWARDING SERVICE REQUESTED

1-12-CV-43-MP-GRJ

DOES
21 S ROSSLER AVE
BUFFALO, NY 14206

NIXIE    146    5E    1009    0012/19/13
RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 32601689568    *1638-04088-19-00

$0.460
US POSTAGE
FIRST-CLASS
32601 DEC 10 2013

stamps.com

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARON PRESLEY,

    Plaintiff,

vs.                                        Case No: 1:12-cv-43-MP-GRJ

PRIME CREDIT SOLUTIONS,
LLC., et al.,

    Defendants.

_____/

## ORDER

This case is before the Court on Plaintiff's Request for Entry of Default. (Doc. 10.) Plaintiff requests the entry of a default against Defendant Prime Credit Solutions, LLC ("Prime Credit") based on Prime Credit's failure to respond to the Complaint by an attorney. The docket reflects that Prime Credit was served on March 1, 2012 by serving a copy of the summons and complaint on the manager of Prime Credit at 21 S. Rossier Ave., Buffalo, N.Y. On March 16, 2012 a *Pro Se* Answer was filed. Doc. 4. Although the answer was not signed by anyone, it was evident the Answer was on behalf of Prime Credit because it was the only entity served with the summons and complaint. Because Prime Credit is a limited liability company it cannot represent itself and can only appear through an attorney admitted to practice before this Court. The Court issued an order directing Prime Credit to file an answer through counsel by November 25, 2013, failing which the *Pro Se* Answer would be stricken. Prime Credit failed to do so and accordingly on December 6, 2013 the Court entered an order striking the *Pro Se* Answer. Doc. 9.)

Case 1:12-cv-00043-MP-GRJ   Document 14   Filed 12/26/13   Page 3 of 4
Case 1:12-cv-00043-MP-GRJ   Document 11   Filed 12/09/13   Page 2 of 2

Page 2 of 2

Pursuant to Fed. R. Civ. P. 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Before a Clerk's default can be issued against the defaulting party, however, the serving party must establish the defaulting party was properly served. *Miller v. Prime Management Recovery LLC*, No. 2:11–cv–308–FtM–29SPC, 2011 WL 4501379, at *1 (M.D. Fla. Sept. 28, 2011).

Pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure, a business entity, like Prime Credit, may be served by delivering a copy of the summons and complaint to an officer or a managing agent. Plaintiff served Prime Credit by serving its manager at its office and therefore service of process appears to be proper. Accordingly, Plaintiff's request for entry of a clerk's default is due to be granted.

Upon due consideration, it is **ORDERED** that:

1. Plaintiff's Request For Entry of Default, Doc. 10, is **GRANTED**.

2. The Clerk is directed to enter a default against Defendant Prime Credit **Solutions, LLC**.

**DONE AND ORDERED** this 9th day of December 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

SHARON PRESLEY

VS                                    CASE NO. 1:12-cv-00043-MP-GRJ

DOES, et al

## DEFAULT

Upon Application of the Plaintiff(s) in the above styled cause and having examined the records and there appearing to be no responsive pleadings filed by the defendant(s), default is hereby entered against PRIME CREDIT SOLUTIONS LLC on December 10, 2013.

JESSICA J. LYUBLANOVITS
CLERK OF COURT

December 10, 2013                s/ KELLI MALU
DATE                             Deputy Clerk: Kelli Malu